A, WILLIAM MALINOWSKI, APPELLANT, v. LINCOLN DEVELOPING COMPANY, RESPONDENT.

Submitted October 29, 1926—Decided February 8, 1927.

The tenth section of the statute of frauds (*Comp. Stat., p.* 2617; *Pamph. L.* 1918, *p.* 1020) is applicable to a salesman working on commission exclusively for the owner of lands being marketed in parcels as a real estate development.

On appeal from the Supreme Court.

For the appellant, *Herbert Clark Gilson.*

For the respondent, *Elias A. Kanter.*

The opinion of the court was delivered by

PARKER, J. The suit was for the unpaid balance of compensation claimed to be due for effecting sales of various pieces of real estate belonging to the defendant. Plaintiff entered the employment of defendant on December 12th, 1924, under an oral contract which provided that plaintiff was to make sales of divers parcels of real estate, partly building lots, partly houses and lots, owned by defendant, at a commission of twenty-five per cent. for unimproved property and five per cent. for improved property. Later, the arrangement was changed so that plaintiff became "sales manager," with authority to employ agents, and was entitled to a commission on sales made by them. The suit was partly for commissions as "salesman" or "sales agent" under the first contract, and partly for compensation as manager under the second. The court gave the latter phase of the case to the jury, but instructed them that plaintiff was not entitled to recover any unpaid money claimed under the original contract because that contract was not in writing and recovery was barred by the tenth section of the statute of frauds. *Comp. Stat., p.* 2617; *Pamph. L.* 1918, *p.* 1020. It is not claimed that the case is within any of the provisos of the amendment of 1918; but it is urged as error that the present case is not within the statute, because the plaintiff was not a "broker or real estate agent" in the sense intended by the tenth section, but an employe working exclusively for the owner on a commission basis.

We regard this as a distinction without a difference. The claim, on its very face, was for commissions. A "commission" is defined to be "the percentage or allowance made to a factor or agent for transacting business for another." *Webster's International Dictionary, tit. "Commission."* The word

"commission" as used in our statute connotes a broker, for the statute says: "No broker or real estate agent, selling or exchanging land for or on account of the owner, shall be entitled to any *commission* for the sale or exchange of real estate unless the authority  *  *  *  is in writing," &c.

The trial judge considered that the reasoning and decision in *Stout* v. *Humphrey*, 69 *N. J. L.* 436, were applicable to the present case, and in this view we concur. The precise distinction there sought to be made was that the plaintiff was not in business as a real estate man, but as a lawyer, and that the transaction was an isolated one. But this court expressly approved the language of the trial judge in that case, that "the statute, both in its letter and manifest policy, is aimed at any person who acts as broker or real estate agent in the very transaction·in question out of which the claim to compensation arises." The present case is at the other extreme; for not only was this plaintiff not regularly engaged in other business, but he was in real estate alone, and in that exclusively for the benefit of the defendant. But, as his claim is based on results achieved, *i. e.*, is for commissions, he is within the purview of the statute. In *Sadler* v. *Young*, 78 *Id.* 594, and *Sadler* v. *Port-Au-Peck Really Co., Ibid.* 635, the plaintiff agreed to devote his entire time to the sale of specified property in lots. He had a written contract with Young, who was not the owner, and it was urged that because of that fact there should be no recovery against Young because there was no written contract with the "owner." We held this was untenable, and that the statute did not apply in such case. But the entire discussion was predicated upon the assumption, the contrary whereof was not even suggested, that Sadler, in devoting his entire time to the exploitation of a real estate development on a basis of part salary and part twenty-five per cent. commission, was working as a "broker or real estate agent" *within the purview of the statute.* And this was right; for the very mischiefs at which the statute was aimed would be encouraged by the recognition of fine spun distinctions between "brokers" and "salesmen" or "employes" working on commission, exclusively or otherwise.

These views make it unnecessary to consider any questions arising out of the fact that plaintiff was not licensed as a real estate broker under chapter 141 of the laws of 1921, and amendments.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.